**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEFFERY MORENCY,

    Plaintiff,

v.                                                          Case No. 3:15-cv-562-J-32PDB

MONROE BARNES, et al.,

    Defendants.

## O R D E R

### I. Status

Plaintiff, an inmate of the Florida penal system, is proceeding in this action on an Amended Complaint (Doc. 8) (Amended Complaint). Plaintiff names as defendants Michael Crews, Monroe Barnes, W. Kitchen, D. Cooper, J. Jackson, Tamey L. Mullinax, Manolo Dela-Cerna, and L. Vazquez-Alvarado. In the Amended Complaint, Plaintiff asserts Defendant were deliberately indifferent to his serious medical needs in violation of the First, Eighth, and Fourteenth Amendments; and the Florida State Constitution. Plaintiff seeks injunctive relief and monetary damages.

Before the Court is Defendant Michael Crews' Motion to Dismiss Plaintiff's Complaint (Doc. 33) (Crews' Motion). Plaintiff filed his response to Crews' Motion. See Plaintiff's Reply to Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 52) (Response).

### II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v.Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v.

Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (citation and footnote omitted). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

**III. Laws and Conclusions**

**A. Statute of Limitations**

Crews argues that to the extent Plaintiff asserts claims under 42 U.S.C. § 1983 against him based on actions occurring from January 2011 through March 2011, Plaintiff's claims are barred by the four-year statute of limitations. Therefore, Crews asserts that Plaintiff's claims relating to actions occurring from January 2011 through March 2011 must be dismissed.

"A statute of limitations bar is 'an affirmative defense, and ... plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint.'" La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quoting Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993)). Thus, at the motion-to-dismiss stage, a "dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." La Grasta, 358 F.3d at 845.

Section 1983 claims "are governed by the forum state's residual personal injury statute of limitations." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). In Florida, the applicable limitations period is four years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."); Burton, 178 F.3d at 1188 (same); Fla. Stat. § 95.11(3)(p). "Generally, 'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) (quoting Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996)).

3

From the face of the Amended Complaint, it is clear that Plaintiff was aware of his potential claims related to the actions occurring January 2011 through March 2011. Therefore, Plaintiff had four years from March 30, 2011, at the latest, to timely file a complaint. Plaintiff did not file this action until April 29, 2015, more than four years later.

Plaintiff contends that the statute of limitations was tolled because his original complaint was filed on May 12, 2014, in case no. 3:14-cv-549-J-39JBT and cites to section 768.28(o), Florida Statutes as support. Plaintiff's contention is without merit.

As an initial matter, section 768.28(o) is inapplicable to the argument presented here. Section 768.28(o) states that "[t]he statute of limitations for medical malpractice actions and wrongful death actions is tolled for the period of time taken by the Department of Financial Services or the appropriate agency to deny the claim." Thus, the statute deals with state law claims. Crews' Motion does not challenge Plaintiff's state law claims.

Further, on May 12, 2014, Plaintiff did file a complaint in case no. 3:14-cv-549-J-39JBT naming Crews as one of the defendants. However, Crews was dismissed without prejudice from the case on July 29, 2014, and the entire case was dismissed without prejudice on December 31, 2014. A "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations. The statute of limitations is not automatically tolled in such a situation, absent some additional reason." Foudy v. Indian River Cty. Sheriff's Office, 845 F.3d 1117, 1126 (11th Cir. 2017) (internal quotations and citations omitted); Justice v. U.S., 6 F.3d at 1478–79 (11th Cir. 1993) (explaining that as a general rule, the filing of a lawsuit that the court subsequently dismissed without prejudice does not automatically toll the statute of limitations). Therefore, because

4

Plaintiff's claims related to actions occurring January 2011 through March 2011 are barred by the statute of limitations, Crews' Motion in this regard is **GRANTED**.

### B. Eleventh Amendment Immunity

Crews argues that to the extent Plaintiff sues him in his official capacity, he is entitled to Eleventh Amendment immunity. In the Response, Plaintiff states that he is not suing Crews in his official capacity. Therefore, Crews motion to dismiss regarding Eleventh Amendment Immunity is moot.

### C. Failure to State a Claim

Crews argues that Plaintiff fails to state a claim against him. Specifically, Crews asserts that Plaintiff's allegations related to the denial of his grievances or the lack of medical treatment by individual third parties do not support a claim against him. Moreover, Crews states that he was not actively involved in preventing or treating Plaintiff.

In the Amended Complaint, Plaintiff alleges Crews denied the requests for urology consultations. See Amended Complaint at 11, 17. Liberally construing the Amended Complaint and accepting Plaintiff's allegation as true, as the Court is required to do, an inference can be drawn that Crews was actively involved in Plaintiff's medical treatment. While it is unlikely that the then Secretary for the Florida Department of Corrections personally made this decision, Plaintiff has alleged facts sufficient to establish an Eighth Amendment claim and meet the low bar to overcome a motion to dismiss. Crews' motion to dismiss for failure to state a claim is **DENIED**.

Accordingly, it is now

**ORDERED:**

1. Defendant Michael Crews' Motion to Dismiss Plaintiff's Complaint (Doc. 33) is **GRANTED in part and DENIED in part** as stated herein.

2. Defendant Michael Crews must answer or otherwise respond to the Amended Complaint by **August 28, 2017**.

**DONE AND ORDERED** in Jacksonville, Florida the 1st day of August, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

sflc

c: Jeffery Morency, #X64303
Counsel of record